**Raja Ram GIRI, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 14–70146.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2016.*

Filed March 21, 2016.

Thipphavone Ark, Law Office of Thipphavone Ark, San Francisco, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Margaret Anne ·O'Donnell, Trial, Oil, Ann Carroll Varnon, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Raja Ram Giri, a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the ·Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010), and we review de novo claims of due process violations, *Liu v. Holder,* 640 F.3d 918, 930 (9th Cir.2011). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Giri's testimony and his evidence as to whether he continued working after his alleged kidnaping. *See Shrestha,* 590 F.3d at 1047 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). Giri's explanations do not compel a contrary result. *See Lata v. INS,* 204 F.3d

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1241, 1245 (9th Cir.2000). We reject his contention that he established eligibility for relief in the absence of credible testimony. Thus, Giri's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Giri's CAT claim because it was based on the same testimony found not credible, and the record does not otherwise compel the conclusion that it is more likely than not Giri would be tortured by or with the consent or acquiescence of the government if returned to Nepal. *See id.* at 1156–57.

Finally, we reject Giri's claim that the agency violated his due process rights by failing to consider all his documentary evidence. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1096 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.